Order Filed on May 1, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in compliance with D.N.J. LBR 9004-1(b)<br><br>Lavin, Cedrone, Graver, Boyd & DiSipio<br>Formed in the State of PA<br>Regina Cohen<br>190 North Independence Mall West 6th &<br>Race Streets<br>Suite 500<br>Philadelphia, PA 19106<br>Tel: (215) 351-7551<br>Fax: (215) 627-2551<br>E-mail: RCohen@lavin-law.com<br>Attorney for Movant | |
| **IN RE:**<br><br>**LAUREN M MCNAUGHT**<br>**a/k/a LAUREN STRUBLE**<br><br>                                 **Debtor** | Case No.: 23-16204-RG<br><br>Chapter 13<br><br>Judge: Rosemary Gambardella<br><br>Hearing date: 04/03/2024 at 10:00 AM |

**CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE**
**2021 BMW 2 Series Sedan 4D 228xi AWD 2.0L I4 Turbo**

The relief set forth on the following page, numbered two (2) is hereby ORDERED.

**DATED: May 1, 2024**

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

(Page 2)
Debtor: Lauren M McNaught
Case No.: 23-16204-RG
Caption of Order: Consent Order Modifying Stay as to Motor Vehicle

1. Financial Services Vehicle Trust (the "Movant"), who is the current holder of a Motor Vehicle Lease Agreement which is secured by a 2021 BMW 2 Series Sedan 4D 228xi AWD 2.0L I4 Turbo, V.I.N. WBA73AK02M7G37560 and Debtor, by and through their undersigned counsel, have agreed to the following with respect to the Motion for Relief from Stay filed by Movant.

    a. The Debtor will resume making regular monthly installment payment in the amount of $509.00 as they become due Commencing on April 19, 2024.

2. The term "payment" as set forth in Paragraph 1, supra, does not include a check that is returned due to insufficient funds, account closed or is otherwise not capable of negotiation for any other reason.

3. Debtor will be in default under the Consent Order in the event that Debtor fails to comply with the payment terms and conditions set forth in above Paragraph 1, supra. If Debtor fails to cure the default within thirty (30) days from the date of default, Movant may apply on five days' notice to Debtor, Counsel for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. §362(a) and permitting Movant to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing a sale of the motor vehicle without regard to any future conversion of this matter to a different form of bankruptcy.

4. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition delinquent payments, fees, and charges due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payments in accordance

with this paragraph, then Movant, through counsel, may file a Certification of Default setting forth and failure and Movant shall be granted immediate relief from the automatic stay and under the provisions of Section 362 of the Bankruptcy Code (11 U.S.C.§362) and the Movant is then permitted to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating, and completing a sale of the motor vehicle. The failure of Movant to issue a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

5. The failure of Movant to issue a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

6. Debtor waives the fourteen (14) day stay provided under Rule 4001(a)(3), F.R.B.P.

**We hereby consent to the form and entry of the foregoing Order.**

_Regina Cohen_
Regina Cohen
Attorney for Financial Services
Vehicle Trust

_Scott D. Sherman_
Scott D. Sherman
Attorney for Debtor